UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GEORGE L.,

                              Plaintiff,                              DECISION AND ORDER

              -v-                                                    08-CV-6040 CJS

LESTER N. WRIGHT, et al.,

                              Defendants.

INTRODUCTION

    This is an action pursuant to 42 U.S.C. § 1983 in which Plaintiff, a prison inmate in

the custody of the New York State Department of Correctional Services ("DOCS"), alleges

that the Defendants assaulted him and denied him medical treatment.  The assault allegedly

occurred at Clinton Correctional Facility ("Clinton") in the Northern District of New York, while

the denial of medical care allegedly occurred at Southport Correctional Facility ("Southport")

in the Western District of New York.  Now before the Court is Defendants' motion to dismiss

the official capacity claims and the claims against one of the Southport Defendants, and to

sever the Clinton claims and transfer them to the United States District Court for the

Northern District of New York.  The motion is granted.

BACKGROUND

    The following facts are taken from Plaintiff's Complaint [#1] and are presumed to be

true for purposes of this motion.  On November 20, 2005, Plaintiff was assaulted at Clinton

by Lieutenant D. Bushey ("Bushey"), Sergeant D. Jolicoen ("Jolicoen"), Sergeant C.

Grimshaw ("Grimshaw"), Sergeant V. Olsen ("Olsen"), Correction Officer W. Hunt ("Hunt"),

Correction Officer D. Venne ("Venne"), John Doe Correction Officer #1, and John Doe

Correction Officer #2 (collectively "the Clinton Defendants."). In January 2006, Plaintiff was transferred to Southport. While at Southport, Plaintiff was provided with various medical treatments by Facility Health Service Director Joseph Haluska, M.D. ("Haluska"), Physician's Assistant Benjamin Oaks ("Oaks"), and Nurse Administrator C. Felker ("Felker") (collectively "the Southport Defendants."). Plaintiff was also sent out of the facility to receive back surgery from a private surgeon, "Doctor Coniglio, M.D." Additionally, Plaintiff sent letters to DOCS Chief Medical Officer Lester Wright ("Wright"), complaining about certain aspects of his medical care at Southport.

On January 25, 2008, Plaintiff commenced this action. The Complaint [#1] alleges excessive force and conspiracy claims under Section 1983 against the Clinton Defendants. The Complaint also alleges that the Southport Defendants and Wright violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. While the Complaint names Coniglio as a defendant and mentions that he is a private physician who operated on Plaintiff's back at "Wyoming County Community Center," it does not purport to state a cause of action against him.

As indicated above, Defendants have moved to dismiss the official capacity claims and the claims against Coniglio, and to sever the Clinton claims and transfer them to the Northern District. In response, Plaintiff opposes the dismissal of claims against Coniglio, but does not address the other aspects of Defendants' motion. As to Coniglio, Plaintiff does not contend that the Complaint states a constitutional claim. Instead, Plaintiff argues that dismissing Coniglio from the case would hinder the "investigatory process." (Pl. Response [#22] at ¶ 2). By this, the Court understands Plaintiff to be indicating that dismissal of Coniglio would hamper his ability to conduct pretrial discovery.

2

DISCUSSION

The applicable legal standard for determining whether a complaint is sufficient to

survive a Rule 12(b)(6) motion is clear:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain
> statement of the claim showing that the pleader is entitled to relief, in order to
> give the defendant fair notice of what the claim is and the grounds upon which
> it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
> not need detailed factual allegations, a plaintiff's obligation to provide the
> grounds of his entitlement to relief requires more than labels and conclusions,
> and a formulaic recitation of the elements of a cause of action will not do.
> Factual allegations must be enough to raise a right to relief above the
> speculative level, on the assumption that all the allegations in the complaint
> are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); *see also*,

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive

dismissal, the plaintiff must provide the grounds upon which his claim rests through factual

allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl.

Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)

(Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which

obliges a pleader to amplify a claim with some factual allegations in those contexts where

such amplification is needed to render the claim plausible[,]" as opposed to merely

conceivable.), *reversed on other grounds, Ashcroft v. Iqbal*, 129 S.Ct.1937 (2009).  When

applying this standard, a district court must accept the allegations contained in the complaint

as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v.

Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).

The legal principles applicable to claims brought under 42 U.S.C. § 1983 are similarly

well settled:

3

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. *See, e.g., Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.1977).
>
> ***
>
> An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by:  evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

*Back v. Hastings On Hudson Union Free School Dist.*, 365 F.3d 107, 122, 127 (2d Cir. 2004).

In this action, Plaintiff is seeking money damages as well as declaratory and injunctive relief, and has sued the Defendants in their official and individual capacities.  The Court agrees with Defendants that any claims for money damages against them in their official capacities are barred by the Eleventh Amendment, though claims for declaratory and injunctive relief are not. *Davis v. New York*, 316 F.3d 93, 101-102 (2d Cir. 2002).

As for Coniglio's motion to dismiss, the standard for 8th Amendment medical claims is clear:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element

4

ensures that the defendant prison official acted with a sufficiently culpable state of mind.

Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted). Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id*. (citation omitted). In light of these legal principles, Plaintiff's complaint clearly fails to state a claim against Coniglio, therefore Coniglio is dismissed from this action. However, such dismissal will not affect Plaintiff's ability to obtain pretrial discovery, to the extent permitted under the Federal Rules of Civil Procedure. Consequently, Plaintiff need not worry that dismissing Coniglio from this action will impair "the investigatory process."

As for the claims against the Clinton Defendants, the Court finds that venue is proper in the Northern District of New York, since that is where the Clinton Defendants reside for

5

purposes of venue, and since that is where the excessive force claims arose. *See, Crenshaw v. Syed*, 686 F.Supp.2d 234, 237 (W.D.N.Y. 2010) ("For the purposes of venue, state officers 'reside' in the district where they perform their official duties.") (citations omitted); *accord, Gamble v. Isaacs*, No. 9:05-CV-1097, 2006 WL 1763680 at *1 (N.D.N.Y. Jun. 23, 2006) . The excessive force claims have no connection to the Western District of New York. Accordingly, in the interests of justice, the claims against Bushey, Jolicoen, Grimshaw, Olsen, Hunt, Venne, John Doe #1, and John Doe #2, are transferred to the U.S. District Court for the Northern District of New York, pursuant to 28 U.S.C. § 1406(a). *See, Gamble v. Isaacs*, 2006 WL 1763680 at *2 ("When a plaintiff files an action laying venue in the wrong district, the court shall either dismiss the action or transfer the action to the appropriate district.") (citing 28 U.S.C. § 1406(a)).

CONCLUSION

Defendants' motion [#10] is granted. The official capacity claims seeking money damages are dismissed, as are the claims against Coniglio. The Clerk of the Court is directed to terminate Coniglio from this action. The claims against Bushey, Jolicoen, Grimshaw, Olsen, Hunt, Venne, John Doe #1, and John Doe #2, are transferred to the U.S. District Court for the Northern District of New York. The Eighth Amendment medical claims against Haluska, Oaks, Felker, and Wright may go forward in this District.

SO ORDERED.

Dated:     March 23, 2011
           Rochester, New York

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge

6