UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GEORGE LOPEZ,

                Plaintiff,

        -against-                            9:11-CV-0418 (LEK/TWD)

D. BUSHEY; D. JOLICOEN; C.
GRIMSHAW; V. OLSEN; W. HUNT;
D. VENNE; and JOHN DOES 1-2,

                Defendants.

_____

## ORDER

      This *pro se* prisoner civil rights action under 42 U.S.C. § 1983 comes before the Court on a Report-Recommendation filed March 4, 2013, by the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d) of the Northern District of New York.  Dkt. No. 53 ("Report-Recommendation").  Plaintiff George Lopez ("Plaintiff") filed no Objections to the Report-Recommendation.  See generally Dkt.  Defendants filed a single Objection on March 15, 2013.  Dkt. No. 54 ("Objection").

      Plaintiff alleges that on November 20, 2005, while he was incarcerated at Clinton Correctional Facility, Defendants beat him with a nightstick and their fists and feet, stripped him naked, and forcefully sodomized him with six-inch institutional keys.  Report-Rec. at 2.  He brings a claim of excessive force for this incident and a claim of conspiracy to cover it up.  Id.  Judge Dancks has recommended that Plaintiff's conspiracy claim be dismissed both for failure to exhaust administrative remedies and on its merits, but that Plaintiff's excessive-force claim not be dismissed because questions of material fact exist both as to special circumstances justifying Plaintiff's failure to exhaust administrative remedies for that claim and as to its merits.  Report-Rec. at 13-15, 18.

Defendants' Objection does not go to the merits of the Report-Recommendation; rather, it simply points out that the Second Circuit has held, in circumstances similar to those present here, that the Seventh Amendment right to trial by jury does not apply to factual issues surrounding exhaustion of administrative remedies under the Prison Litigation Reform Act and that an evidentiary hearing is appropriate instead. Obj.; see Messa v. Goord, 652 F.3d 305 (2d Cir. 2011); Artis v. Valls, No. 10-CV-0427, 2012 WL 4380921, at *5 & n.9 (N.D.N.Y. Sept. 25, 2012). But see Rickett v. Orsino, No. 10 Civ. 5152, 2013 WL 1176059, at *22-23 (S.D.N.Y. Feb. 20, 2013) (recommending that exhaustion be determined at trial because the factual issues to be resolved overlapped with merits questions). The Court therefore has reviewed the Report-Recommendation for clear error and found none. See Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Farid v. Bouey, 554 F. Supp. 2d 301, 306 (N.D.N.Y. 2008).

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 53) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's Motion (Dkt. No. 45) for summary judgment is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that Plaintiff's conspiracy claim as set forth in his Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that this case is recommitted to Judge Dancks for an evidentiary hearing to determine Plaintiff's justification for failure to exhaust administrative remedies for his excessive-force claim; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:      March 28, 2013
               Albany, NY

Lawrence E. Kahn
U.S. District Judge