UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GEORGE LOPEZ,

                Plaintiff,

        -against-                                9:11-CV-0418 (LEK/TWD)

D. BUSHEY; D. JOLICOEN; C.
GRIMSHAW; V. OLSEN; W. HUNT;
D. VENNE; and JOHN DOES 1-2,

                Defendants.

## DECISION and ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on April 7, 2014, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1. Dkt. No. 3 ("Report-Recommendation"). Plaintiff George Lopez ("Plaintiff") timely filed Objections. Dkt. No. 76 ("Objections"). For the following reasons, the Court approves and adopts the Report-Recommendation in part, and dismisses this action.

**II.    BACKGROUND**

In this prisoner civil rights action, Plaintiff alleges that his Eighth Amendment rights were violated when Defendants subjected him to excessive force and then conspired to cover up the incident, in violation of 42 U.S.C. § 1983. Report-Rec. at 2; Dkt. No. 1 ("Complaint"). Defendants moved for summary judgment, which was granted as to Plaintiff's conspiracy claims, but denied with respect to his excessive force claims. Dkt. Nos. 53; 55. The Court then referred the case to Judge Dancks for a hearing on the limited issues of "whether administrative remedies were available to Plaintiff and whether Plaintiff's failure to exhaust may be excused by Plaintiff showing

exhaustion[,] unavailability, estoppel, or [] special circumstances . . . ." Report-Rec. at 2.[1]

At the hearing, Karen Bellamy ("Bellamy"), the director of the Inmate Grievance Program ("IGP") at the Department of Corrections and Community Supervision ("DOCCS"), explained the three-step process through which an inmate can file a grievance. Report-Rec. at 5. First, an inmate must file the grievance within fourteen days of the incident with the Inmate Grievance Review Committee ("IGRC"). Id. If the inmate receives an unfavorable decision, he or she may appeal it to the superintendent of the correctional facility. Id. at 5-6. Finally, an inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC"). Id. at 6. If a grievance alleges staff misconduct, harassment, or discrimination, then the IGRC forwards it directly to the superintendent. Id. at 7. However, all grievances must initially be filed with the IGRC; no grievance can be filed directly with the superintendent or CORC. Id. at 7.

Inmates file grievances by submitting them through the correctional facility's mail. Id. If an inmate is confined in the Special Housing Unit ("SHU"), he or she can submit a grievance by placing it in a lockbox that is brought around to each cell. Id. If an inmate is having difficulties filing a grievance, he or she can communicate the complaint to any IGP personnel, the grievance sergeant who "makes rounds" in the SHU, or any other officer or executive staff member. Id. at 7-8. The correctional facility also maintains a log book, which records the name and time for all personnel who enter and exit the SHU. Id.

Plaintiff testified that, when he was relocated to the SHU following the alleged incident, he was not given any writing materials; however, he managed to obtain them from an inmate in the cell

---

[1] The Court assumes the parties' familiarity with the underlying facts of the case and Plaintiff's claims. For a complete statement, reference is made to the Complaint and the Report-Recommendation.

2

next to him. Id. at 8. He then testified, somewhat inconsistently, that he successfully placed written grievances in the lockbox, but also that the SHU sergeant prevented him from mailing the grievances by ripping them up directly in front of him.[2] See id. at 9. Plaintiff further alleges that he filed a complaint with the Inspector General's Office ("IG") by passing a message through another inmate to Plaintiff's family. Id. at 4. An IG investigator met with Plaintiff in his cell at the SHU, but Plaintiff did not make any statements concerning staff members interfering with or destroying his mail. Id. at 12. Plaintiff also stated that he was familiar with the grievance process because he had filed grievances "plenty of times." Id. at 9.

Defendants offered testimony from Tara Brousseau ("Brousseau"), the IGP supervisor, who stated that her office showed no record of a grievance filed by Plaintiff concerning the incident at issue, nor was there a record of an appeal. Id. at 7. Defendants also provided a copy of the SHU log book, which indicated that several staff members, including the grievance sergeant and SHU sergeant, all made rounds in the SHU during the 14-day time period after the alleged incident. Id. at 12.

Following the hearing, Judge Dancks recommended that the Complaint be dismissed with prejudice because Plaintiff was not prevented from filing grievances or seeking administrative remedies, and was unable to prove that special circumstances excused his failure to exhaust such administrative remedies. Report-Rec. at 2-3; see also 42 U.S.C. § 1997e(a). Plaintiff timely filed Objections on two grounds: (1) Judge Dancks erred in concluding that "Plaintiff must show that the grievance procedure was followed through all the steps to prove special circumstances existed"; and

---

[2] The Court notes that Defendants provided evidence that, if in fact the SHU sergeant were ripping up Plaintiff's grievances directly in front of him, then such acts would have been recorded by the correctional facility's video surveillance system. See Report-Rec. at 12-13.

3

(2) Judge Dancks erroneously concluded that Defendants proved the absence of special circumstances. Objs. at 3-6.

### III. STANDARD OF REVIEW

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

### IV. DISCUSSION

Plaintiff first objects to Judge Dancks's conclusion that he was required to follow all of the steps of the IGP before he could argue that his failure to exhaust should be excused by special circumstances or unavailability. Objs. at 3. Plaintiff argues that Judge Dancks's finding is at odds

4

with the third prong of the test announced in Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004). Hemphill provides, in relevant part, that if "[a] plaintiff [] did not exhaust available remedies, the court should consider whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'" Hemphill, 380 F.3d at 686 (quoting Giano v. Goord, 380 F.3d 670 (2d Cir. 2004)). Thus, Plaintiff correctly points out that "special circumstances" may be considered when an inmate has failed to exhaust remedies—it cannot be that an inmate is required to follow all of the steps of the grievance process in order to prove that special circumstances prevented her from doing just that. See id. Nevertheless, Plaintiff's claim that special circumstances exist fails for the following reasons.

First, Plaintiff argues that special circumstances exist because he was denied writing materials by Defendants. Objs. at 4. However, Plaintiff testified at the hearing that he obtained the necessary materials from an inmate in the cell next to him. Report-Rec. at 8. Moreover, Plaintiff testified that he composed and mailed up to three grievances.³ Id. Thus, even if Plaintiff were denied writing materials by the correctional facility, he cannot claim it as a special circumstance when he was, by his own admission, able to obtain the materials and write his grievances.

Plaintiff next argues that special circumstances exist because he "tried 'to exhaust prison grievance procedures[, and] although each of his efforts, alone, may not have fully complied, together his efforts sufficiently informed prison officials of his grievance.'" Objs. at 4 (quoting Murray v. Palmer, No. 03-CV-1010, 2010 WL 1235591, at *6 (N.D.N.Y. Mar. 31, 2010)). In support of this argument, Plaintiff references a copy of the grievance, which he allegedly attempted

---

³ Plaintiff has provided inconsistent testimony that he attempted to file from one to three grievances concerning the alleged incident. See Report-Rec. at 8.

5

to mail on November 28, 2005.[4] Objs. at 5. Plaintiff also cites to a letter that he submitted to CORC on January 2, 2006, in which he inquired about the status of his grievance. Id. Plaintiff includes CORC's response, which indicated that their office showed no record of a grievance being filed by Plaintiff, nor an appeal, and that all grievances must be filed with the IGP. Id. Plaintiff argues that "the sum of all of [these] efforts was sufficient to inform prison officials of his grievance." Id.

As an initial matter, Plaintiff's contention that his grievances were either destroyed or otherwise not received by the IGRC does not, by itself, relieve him of his duty to appeal the IGRC's non-response. See Croswell v. McCoy, No. 01-CV-0547, 2003 WL 962534, at *4 (N.D.N.Y. Mar. 11, 2003) ("If a plaintiff receives no response to a grievance and then fails to appeal it to the next level, he has failed to exhaust his administrative remedies . . ."); see also Reyes v. Punzal, 206 F. Supp. 2d 431, 433 (W.D.N.Y. 2002) ("Even assuming that plaintiff never received a response to his grievance, he had further administrative avenues of relief open to him."). Plaintiff does not suggest that his January 2, 2006, letter to CORC constitutes an appeal. See Objs. at 5. Furthermore, Plaintiff concedes that he did not follow all of the steps of the administrative process, despite his testimony that he had filed grievances "plenty of times." Objs. at 4, 9. Therefore, in light of Plaintiff's familiarity with the grievance process, and his failure to appeal, his lone follow-up letter is insufficient to show that he attempted to properly exhaust prison grievance procedures.

---

[4] The Court shares the concern raised by Judge Dancks that, despite Plaintiff being asked for copies of grievances at his deposition and again by follow-up letter—as well as failing to include any copies in its opposition to Defendants' Motion for summary judgment—this grievance, allegedly composed in November 2005, was presented for the first time at the hearing on October 22, 2013. See Report-Rec. at 19-20.

Additionally, Plaintiff does not contest that he knew grievances could be filed informally by speaking with facility personnel. See Report-Rec. at 9. While Defendants provided evidence that the grievance sergeant, SHU sergeant, and other personnel all made rounds in the SHU during the relevant 14-day time period after the alleged incident, Plaintiff asserts that he did not speak with any of these people because he was lying on the floor, too weak to stand. Id. at 9, 12. However, Plaintiff admits that he met and spoke with the IG Inspector while he was housed in the SHU and did not raise any concerns about submitting his grievance. Id. Therefore, despite having ample opportunity, Plaintiff failed to avail himself of alternative means of filing his grievance and made insufficient efforts to exhaust grievance procedures.

In sum, the Court finds that Plaintiff was not denied access to administrative remedies, and that the copy of the grievance allegedly submitted in November 2005, along with Plaintiff's follow-up letter, are insufficient to establish that Plaintiff tried to exhaust prison grievance procedures. Objs. at 4. Plaintiff has therefore not shown that "special circumstances" exist to excuse his failure to exhaust.

Finally, the Court has reviewed the remainder of the Report-Recommendation for clear error because it was not objected to. Having found no such error, the Court adopts the remainder of the Report-Recommendation.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 75) is **APPROVED in part**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice** for

failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a); and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      June 19, 2014
                 Albany, NY

Lawrence E. Kahn
U.S. District Judge